UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1197

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No._____ |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | Title 8, U.S.C., Section |
| Julio Cesar FARIAS | 1324(a)(1)(A)(iv)-Inducing and Encouraging Illegal Alien |
| Defendant. | To Enter the United States |

The undersigned complainant being duly sworn states:

On or about **April 17, 2008**, within the Southern District of California, defendant **Julio Cesar FARIAS**, did encourage and induce an alien, namely **Rodrigo PEREZ** with the intent to violate the immigration laws of the United States, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United States is and will be in violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 18th day of **April, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE



# PROBABLE CAUSE STATEMENT

The complainant states that **Rodrigo PEREZ** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 17, 2008, at approximately 0711 hours, **Julio Cesar FARIAS (Defendant)** made application for admission into the United States from Mexico at the Tecate Port of Entry vehicle entrance. Defendant was the driver and sole visible occupant of a green Honda Ridgeline truck. Defendant approached a U.S. Customs and Border Protection (CBP) officer, stated he was not bringing anything from Mexico and that he was going to his place of employment. A CBP Canine Officer was performing pre-primary roving operations when his Human/Narcotics Detector Dog (H/NDD) alerted to the middle area of the Honda Ridgeline. Defendant was referred to secondary for further inspection.

In secondary, CBP officers discovered non-factory hinges under the rear passenger row seat. CBP officers pried the rear seat forward and found one male concealed in a non-factory compartment constructed from the vehicle fuel tank. CBP officers extracted the male who was determined to be a citizen of Mexico without entitlements to enter the United States and is now identified as **Rodrigo PEREZ (Material Witness)**.

During a videotaped proceeding Defendant was advised of his Miranda rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. Defendant admitted knowledge that a person was concealed in the vehicle. Defendant admitted he was to receive $500.00 U.S. dollars as compensation for smuggling the undocumented alien. Defendant admitted he was to find out where to transport the undocumented alien after successfully entering the United States and receiving a phone call from a smuggler named Juan.

A videotaped interview was conducted with Material Witness. Material Witness stated that he is a citizen of Mexico and that he has no documents to lawfully enter the United States. Material Witness stated that he made arrangements with an unknown smuggler in Tijuana, Mexico and was to pay an unknown smuggling fee after successfully entering the United States. Material Witness stated he intended to travel to Long Beach, California to reunite with his family.